UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE PACE,

                Plaintiff,

                                                      **Hon. Hugh B. Scott**

                      v.

                                                     05CV78

                                                   (CONSENT)

THOMAS POOLE, et al.,

                                                   **Order**

                Defendants.

        Before the Court is plaintiff's motion to compel production of documents (Docket No. 35, filed Oct. 6, 2006). Also pending is defendants' motion for summary judgment (Docket No. 22), which has an extended briefing schedule in light of this motion to compel (Docket No. 36). The parties consented to proceed before the undersigned as Magistrate Judge on October 7, 2005 (Docket No. 10). The briefing schedule for plaintiff's motion to compel had responses due by October 31, 2006, and any reply due by November 15, 2006 (Docket No. 36).

        Plaintiff, an inmate proceeding here pro se, received the Litigation Manual for Pro Se Litigants in late September and sought documents from defendants, mainly his own medical records and disclosure of a third-party why scheduled a physical therapy appointment ordered by defendant Thornton (see Docket No. 37, Defs. Atty. Response Decl. ¶ 11). Defendants purportedly denied his request. Plaintiff believes that defendants are disregarding an earlier Order (see Docket No. 34) that allowed plaintiff to obtain discovery. (Docket No. 35.)

        Defendants argue that plaintiff failed to serve discovery requests within the time for discovery under the Court's Scheduling Order (Docket No. 37, Defs. Atty. Response Decl. ¶¶ 7-

9, 5). They note that the Court only extended plaintiff's time to respond to the pending summary judgment motion and not allow further discovery (id. ¶ 12). They argue that the motion to compel should be denied and summary judgment should be granted because a third-party's possible liability does not raise a material issue of fact as to the named defendants (id. ¶ 14) and that even if that third-party clerical person failed to perform his or her duty, it is at best negligence that is not cognizable under the Eighth Amendment (id. ¶ 15). Since plaintiff has not sought relief under Rule 56(f) because he has a copy of his medical record, this motion to compel also should be denied as summary judgment discovery (id. ¶ 16).

## DISCUSSION

Plaintiff has two possible bases for seeking to compel this disclosure, first, as discovery under Rule 26, second, to assist him in responding to a summary judgment motion under Rule 56(f). The scope of discovery under Rule 56(f) differs from that under Rules 26-37, see First National Bank of Ariz. v. Cities Service Corp., 391 U.S. 253, 265 (1968), with discovery under Rule 56(f) being more limited (to showing facts to withstand summary judgment) than broader Rule 26 discovery, which goes to finding information "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1). Discovery under Rule 56(f) is only to enable the opposing party to respond to a summary judgment motion, that is, to point out material issues of fact that should preclude summary judgment (or facts that support plaintiff's claims or deny judgment to defendants as a matter of law).

Discovery under Rule 26 is governed by this Court's Scheduling Order, see Fed. R. Civ. P. 16(b)(3). Plaintiff did not move to modify this Order to reopen discovery deemed closed when

the deadline for that phase of the case had passed.  As a result, plaintiff is time barred from seeking Rule 26 discovery.

Rule 56(f) contemplates that an opponent to a summary judgment motion submitting an affidavit stating his inability to respond with facts to the motion.  The relevant test in this Circuit for granting a Rule 56(f) responding motion is "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'"  Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)); Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994); Antonio A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc., 100 F. Supp. 2d 178, 185 (S.D.N.Y. 2000).

Here, plaintiff sent a letter to chambers, which the Court filed, requesting additional discovery (Docket No. 35).  He refers to the Order briefing the motion for summary judgment (Docket No. 35, see Docket No. 34), but he does not state in the letter that he is unable to assert facts to oppose the summary judgment motion.  But, given that the plaintiff is proceeding pro se, every benefit of the doubt has been given to plaintiff.  Even though plaintiff contends that a third-party may also be at fault here and this discovery may lead to identifying those parties and his possible claims against them, that does not address whether there is a material issue of fact as to movants here, the named defendants, or that his sought discovery would lead to material issue of

fact as to these defendants.  Thus, as a possible Rule 56(f) request for discovery, plaintiff's motion is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's letter motion to compel (Docket No. 35) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 8, 2006