UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE PACE,

                Plaintiff,                      **Hon. Hugh B. Scott**

                                                05CV78

                                                (CONSENT)

                v.                               **Order**

THOMAS POOLE, et al.,

                Defendants.

Before the Court is defendants' motion for summary judgment (Docket No. 22[1]). The Court issued a briefing schedule (with an _Irby_ notice, see _Irby v. New York City Transit Auth._, 262 F.3d 412 (2d Cir. 2001), Docket Nos. 27, 29) that had responses to this motion due on or before August 31, 2006, any reply was due on or before September 29, 2006 (Docket No. 27). Plaintiff moved enlargement of time (Docket No. 33), which was granted (Docket No. 34), and the motion was deemed submitted without oral argument on December 1, 2006 (Docket No. 34).

---

[1] In support of this motion, defendants submitted their memorandum of law, Docket No. 23; statement of facts, Docket No. 24; declarations of Thomas Poole, Docket No. 25, Dr. Gregoire, Docket No. 26; defendant's manually filed exhibits, Docket No. 28; and a reply declaration from their attorney, Docket No. 38.
    In response, plaintiff submitted a declaration, Docket No. 32; and an affirmation for extension of time, Docket No. 33. He also sent a letter to the Court, which the Court filed and construed as a motion to compel, Docket No. 35. The Court denied that motion on December 8, 2006, Docket No. 39. As the response deadline was extended, plaintiff did not file a response to this motion.

**BACKGROUND**

This civil rights action was commenced by an inmate, proceeding pro se, who alleged that defendants (the Superintendent of Five Points Correctional Facility, and nurses at that facility) were deliberately indifferent to his medical needs, in violation of his Eighth Amendment rights (see Docket No. 1, Compl.).  On March 28, 2002, plaintiff was injured playing basketball in the Five Points Correctional Facility ("Five Points") gymnasium.  A subsequent x-ray revealed that his patella was fractured and surgery was performed on that knee.  Plaintiff was on crutches and prescribed physical therapy.  The therapy began in June 2002 and continued until some sporadic sessions in August 2002 when they ceased.  Plaintiff wrote to inquire about the physical therapy sessions and then put in sick calls when he felt pain in his knee.  He returned to physical therapy on October 7, 2002, and his therapist asked why plaintiff had not been attending sessions.  When plaintiff told the therapist that he was not getting call-outs to allow him to attend sessions, the therapist wrote a consultation report urging that therapy continue without interruption.  (Docket No. 1, Compl., Statement of Facts at 2, Ex., Oct. 9, 2002, Consultation Report.)  Plaintiff contends that nothing happened thereafter, despite plaintiff's pain and swelling in that knee (id. Compl., Statement of Facts at 2).  After filing a grievance, plaintiff was allowed to attend therapy on December 9, 2002 (id.).  By the time of his follow up session, plaintiff was in another facility and missed the therapy, his knee becoming weaker.  By January 16, 2003, plaintiff suffered pain and discomfort.  (Id.)  Plaintiff resumed therapy following his transfer to Green Haven Correctional Facility.  In July 2003, plaintiff had surgery to remove loose body and hardware in his knee.  He concludes that he has to wear a knee brace and his knee still swells since he left Five Points.  (Id. at 3).

Plaintiff filed his Complaint on February 4, 2005 (Docket No. 1), and defendants answered on September 30, 2005 (Docket No. 8; see also Docket No. 7, Order granting extension of time to answer).  Defendants later filed the present motion for summary judgment (Docket No. 22) arguing that the claims against Superintendent Poole should be dismissed because plaintiff fails to allege or establish Poole's personal involvement in his case (Docket No. 23, Defs. Memo. at 2-4).  They assert that plaintiff does not meet either the objective or subjective components for a deliberate indifference claim against the medical defendants (id. at 4-10).  Alternatively, defendants claim entitlement to qualified immunity (id. at 10-11).

Plaintiff responds that there are issues of material fact that should preclude summary judgment (Docket No. 32, Pl. Decl. at 2).

## DISCUSSION

I.   Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.  Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty

Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

II.   Eighth Amendment Deliberate Indifference

   A.   Standard

Plaintiff asserts a deliberate indifference claim under the Eighth Amendment, and as such has the burden of proving that defendants acted with deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain."  Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).  The Eighth Amendment applies to prison officials when they provide medical care to inmates.  Hathaway, supra, 37 F.3d at 66; see Estelle, supra, 429 U.S. at 103.  "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'"  Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at 104).  Mere negligent treatment or

malpractice upon a prisoner, however, does not create an Eighth Amendment violation. Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). The inmate plaintiff needs to prove that defendants wantonly intended to cause him to suffer. Wilson v. Seiter, supra, 501 U.S. at 302.

III.   Application

Plaintiff here is, at best, alleging a malpractice claim, that he was deprived continued physical therapy for his rehabilitated knee. As noted by defendants in their reply (Docket No. 38, Defs. Atty. Reply Decl. ¶ 5), the brief delay in follow up therapy does not rise to the level of a constitutional violation under either the objective or subjective standards for a deliberate indifference claim to constitute cruel and unusual punishment in violation of the Eighth Amendment, see Corby, supra, 457 F.2d at 254. Additionally, as to Superintendent Poole, plaintiff only alleges his role in the grievance process and no personal involvement in the denial of sick calls for plaintiff to receive therapy. Thus, plaintiff's claims against Poole are **dismissed**.

Plaintiff contends here and in his prior motion to compel that he needs to identify third parties who he believes are at fault (see Docket No. 35, Pl. Letter Motion). The existence of others who may be liable to plaintiff, however, does not establish the liability of these defendants or create a genuine issue of material fact to preclude summary judgment.

As a result, defendants' motion for summary judgment is **granted**. Given this disposition, the Court need not reach defendants' alternative argument that they were entitled to qualified immunity.

## **CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment (Docket No. 22) is **granted**. The Court Clerk is instructed to enter judgment to this effect and to close this case.

So Ordered.

*/s/ Hugh B. Scott*

Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
December 15, 2006